United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

PRENTICE JACKSON,

Defendant.

Case No.: CR 07-00091-CW (KAW)

ORDER MODIFYING CONDITIONS OF RELEASE PENDING DISPOSITION OF SUPERVISED RELEASE VIOLATION

## I. BACKGROUND

On July 27, 2012, a hearing was held on the Government's motion to detain Defendant Prentice Jackson pending his supervised release violation hearing. Defendant, who was not in custody, was present and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney Maureen Bessette appeared on behalf of the Government. Probation Officer Alexandre D. Bonneville was also present. For the reasons stated below, the court orders that Defendant be released with modified conditions pending the disposition of his supervised release violation.

On June 15, 2012, Defendant's probation officer filed a petition alleging that Defendant violated the conditions of his supervised release by failure to participate in a drug/alcohol aftercare treatment program and refusing to comply with drug testing. U.S. District Judge Claudia Wilken found probable cause and issued a summons on ordering Defendant to appear before the duty Magistrate Judge on June 28, 2012.

On June 28, 2012, Defendant appeared before the undersigned, during which he stated that he did not believe in the sweat patch test and wanted to do urinalysis everyday instead. The Court ordered that Defendant comply with Probation's directions and submit to the sweat patch test unless otherwise ordered by the District Judge. Defendant has since been compliant.

RELEASE ORDER
CR 07-00091-CW (KAW)                1

Defendant was sentenced to 21 months in custody and three years of supervised release on May 30, 2007 for failure to surrender for service of sentence (Class D felony). Defendant had multiple Forms 12 between March 2010 and August 2011 for testing positive for illicit substances and possessing contraband. On October 12, 2011, Defendant's supervised release was revoked and he was sentenced to six months custody and twenty-four (24) months of supervised release. Defendant's conditions of release included placement in a halfway house for three months, no use or possession of any intoxicant, and participation in twenty (20) hours of community service per week, while not employed or attending school.

On July 23, 2012, the Third Amended Petition for Summons was filed alleging that Defendant had violated three conditions of supervision by refusing to submit to drug testing via sweat patch, failing to perform community service despite being unemployed,[1] and testing positive for cocaine metabolite.[2]

Despite Defendant's tendency to use illicit drugs in violation of the conditions of his release, he regularly appears at his scheduled hearings even though he faces detention. For that reason, this Court finds that Defendant has shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Even though Defendant has a substance abuse problem, any danger to himself or the community can be mitigated by the imposition of conditions pending resolution of the supervised release violation petition.

## II. LEGAL ANALYSIS

Defendant's sentence for the Class D felony included a three year term of supervised release pursuant to 18 U.S.C. § 3583(b). In so ordering, the Court imposed conditions of supervision, including drug/alcohol counseling and drug testing.

Since Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143. Despite the violations of his supervised release as set forth above, Defendant still appears at his scheduled hearings, even

---

[1] The second charge was added in the Second Amended Form 12 filed on July 23, 2012.
[2] The third charge was added in the Third Amended Form 12, also filed on July 23, 2012.

RELEASE ORDER
CR 07-00091-CW (KAW)    2

though he is aware that his supervised release may be revoked and he could be remanded into custody. In addition, while Defendant originally refused to comply with the sweat patch test prior to his June 28 court appearance, he agreed to comply after being admonished by the undersigned. On July 7, 2012, the sweat patch test allegedly came back with a positive result for cocaine metabolite. Despite testing positive, Defendant appeared in court on July 27, 2012.

Defendant clearly has a substance abuse problem, but his actions do not appear to adversely impact anyone but himself. Given his tendency to appear in light of the possibility of detention, there is no indication that Defendant will not appear at his August 28, 2012 court date before the District Judge. Therefore, the Court does not believe that Defendant is a risk of flight or a danger to the community.

For the reasons set forth above, the Court orders Defendant released pursuant to his current conditions. In addition, Defendant is ordered to reside at a halfway house to be arranged by Probation, with permission to leave the premises only for drug treatment, drug testing, court appearances, and to perform community service pending resolution of the Third Amended Form 12.

IT IS SO ORDERED.

DATED: July 30, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

RELEASE ORDER
CR 07-00091-CW (KAW)  3